IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| JOSHUA MICHAEL ZARTMAN | : | CASE NO.: 1:21-BK-02405-HWV |
|     Debtor | : | |
| | : | |
| LAWRENCE V. YOUNG, TRUSTEE | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| NEWREZ LLC, D/B/A SHELLPOINT | : | |
| MORTGAGE SERVICING | : | |
| And | : | |
| LINDSAY BETH ZARTMAN | : | |
|     Respondents | : | |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO
TRUSTEE'S MOTION FOR APPROVAL OF SALE OF DEBTOR'S REAL ESTATE
FREE AND CLEAR OF LIENS AND ENCUMBRANCES**

    Now Comes the United States Trustee ("UST"), by and through the undersigned counsel, and files this limited objection to the Trustee's motion to for approval of sale of the Debtor's real estate free and clear of liens and encumbrances, and in support thereof, avers as follows:

    1.    The United States Trustee ("UST") has standing to raise this limited objection pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

    2.    The above-referenced Debtor filed for relief under Chapter 7 of the Bankruptcy Code on November 10, 2021. Docket Entry Number[1] 1.

    3.    Lawrence V. Young was appointed as the Chapter 7 Trustee upon filing of the instant case. Doc. No. 8.

---

[1] Hereinafter "Doc. No."

4. At the time of filing, the Debtor co-owned real estate located at 719 Grant Drive, Hanover, Pennsylvania (the "Residence") with his former spouse, Lindsay Beth Zartman. The Residence was scheduled as having a value of $170,000.00. Doc. No. 1.

5. On February 8, 2022, the Trustee filed a motion for approval to sell the Debtor's Residence free and clear of liens and encumbrances (the "Sales Motion"). Doc. No. 32.

6. The Sales Motion seeks approval for the sale of fully encumbered property and further provides for a "carve-out" for the bankrupt estate in the amount of $12,500.00, as well as the payment of broker fees from the sale. Id.

7. Generally, a trustee should not seek to sell property subject to a security interest unless the sale will generate funds for the benefit of unsecured creditors.

8. The docket entry associated with the Sales Motion states that objections to the Sales Motion are due by February 22, 2022. Doc. No. 33.

9. In an abundance of caution, the UST is raising the following objections to the Sales Motion now but reserves its rights to raise further objections by the objection deadline date noted on the docket.

   a. The Sales Motion does not include any written agreement between the Trustee and the secured creditor insuring that the secured creditor is in agreement with the sale which will not pay it in full.[2]

   b. The Trustee's Motion fails to set forth whether the proposed sale will result in a meaningful distribution to the unsecured creditors or otherwise indicate why the sale should proceed if it will not.

---

[2] The UST is aware of the Trustee's contention that the "net proceeds shall be payable to the mortgage holder, which by approval of this Motion consents to the sale on the terms and conditions stated herein", but does not consider this to be an affirmative agreement to the proposed sale. Doc. No. 32, ¶ 16.

WHEREFORE, the UST respectfully objects to the Trustee's Sales Motion, and requests that this Honorable Court deny the motion without prejudice.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 & 9

    D. Troy Sellars
    Assistant United States Trustee

    By: /s/ Joseph P. Schalk
    Joseph P. Schalk, Esq.
    Office of the United States Trustee
    228 Walnut Street, Suite 1190
    Harrisburg, PA 17101
    Tel.: (717) 221-4515 / Fax: (717) 221-4554
    Email: joseph.schalk@usdoj.gov

Dated: February 17, 2022